UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 19-mj-30638

-v-        HON. ANTHONY P. PATTI

STEVEN HALAT,

        Defendant.
_____/

## ORDER TO COMMIT THE DEFENDANT TO RESTORE COMPETENCY

A criminal defendant is not competent to stand trial if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Upon review of the mental health evaluation from Dr. Allison Schenk, and the findings contained therein, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease that renders him unable to understand the nature of the proceedings against him or impairs his ability to assist properly in his defense. To be

competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and . . . a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam).

On May 8, 2020, the Court held a Competency Hearing pursuant to 18 U.S.C. §§ 4241 and 4247(d). Dr. Allison Schenk, a licensed clinical psychologist at the Metropolitan Correctional Center in Chicago, Illinois, was the government's sole witness and testified telephonically. The defendant was also able to participate in the hearing after agreeing, along with and after consulting with defense counsel, to participate by phone.

Dr. Schenk testified that she conducted several clinical interviews of the defendant and participated in psychological testing. During the interviews, the defendant was able to provide certain information. She also reviewed discovery, medical records, available mental health records, and spoke to staff members that had various interactions with the defendant.

2

After reviewing and considering all available information, Dr. Schenk diagnosed the defendant with schizophrenia and cannabis use disorder-severe. Dr. Schenk concluded that the schizophrenia caused disorganized and delusional thinking that impaired the defendant's ability to assist in the preparation of his defense. Specifically, that his disorganized thinking impaired his ability to rationally apply his factual understanding of the nature and consequences of the proceedings against him. Further, his disorganized and delusional thinking prevented him from considering his options, discussing aspects of this case, and appreciating the proceedings against him in a thorough, rational manner. Finally, Dr. Schenk concluded that it was possible, but not guaranteed, that continued psychiatric treatment could help his thinking become more organized, abating his delusional beliefs.

Dr. Schenk prepared a report of her findings which were admitted as Government's Exhibit 1. The Court fully reviewed Dr. Schenk's report.

A criminal defendant cannot be tried unless he is mentally competent. *Godinez v Moran,* 509 U.S. 389, 396 (1993). A defendant found incompetent to stand trial must be "commit[ted] . . . to the custody of the Attorney General . . . [to be] hospitalize[d] . . . for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

The Court concludes that Dr. Schenk's testimony and report established, by a preponderance of the evidence, that the defendant is incompetent, as defined by 18 U.S.C. § 4241(d), and there is a substantial possibility that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. See 18 U.S.C. § 4241(d)(1).

IT IS ORDERED that the defendant is committed to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether

there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. The Court recommends that the defendant is placed at MCFP Springfield, Missouri, for treatment.

It is further ORDERED that the United States Marshal's Service shall transport the defendant to and from the Federal Medical Facility designated by the Bureau of Prisons for the purpose of confinement and treatment.

It is further ORDERED that the director of the facility in which the defendant is hospitalized shall report to the Court, <u>no later than September 15, 2020</u>, on the defendant's condition, specifically addressing whether the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. If, in the opinion of the director or his or her designate, the defendant has not recovered, the Court will conduct a hearing to determine whether the defendant should be confined for an additional reasonable period of time until his mental condition is so improved that trial may proceed and

that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward.

It is further ORDERED that when the director of the facility in which the defendant is hospitalized determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, that the director shall promptly file a certificate to that effect with the clerk of this Court. The Court will then conduct a second hearing under 18 U.S.C. § 4247(d) to determine the competency of the defendant.

It is further ORDERED that the period beginning on May 8, 2020, and ending with the conclusion of the competency proceedings held under 18 U.S.C. §§ 4241 and 4247, is deemed excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(1)(A)

and shall not be counted against the 30-day time limit established for bringing forth an indictment or information against the defendant.

SO ORDERED.

s/*Anthony P. Patti*
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated:   May 14, 2020